[Cite as *State v. Watson*, 2025-Ohio-883.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


STATE OF OHIO,                           :

    Appellee,                           :            CASE NO. CA2024-09-026

    - vs -                                   :            O P I N I O N
                                                 3/17/2025
                                           :

JODY L. WATSON, JR.,                     :

    Appellant.                          :


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20240063


Jess Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.


**M. POWELL, J.**

{¶ 1}   Appellant, Jody L. Watson, Jr., appeals his conviction in the Fayette County Court of Common Pleas for having weapons while under disability.

{¶ 2}   Appellant was indicted in April 2024 on one count of having weapons while under disability. The charge stemmed from an incident during which appellant suffered a

gunshot wound to his right leg while he was at his girlfriend's residence. The handgun at issue purportedly belonged to his girlfriend. At the time of the incident, appellant had a prior felony conviction which disqualified him from possessing a firearm. The matter proceeded to a jury trial on September 4, 2024. The officer who responded to the Highland District Hospital regarding appellant's gunshot wound and the detective who searched the girlfriend's residence testified on behalf of the state. Appellant testified on his own behalf.

{¶ 3} The responding officer testified that upon arriving at the hospital, he asked appellant what happened. Appellant explained that as he was pulling down his pants to use the commode, a handgun he was carrying in a holster in the small of his back slid out, fell, and discharged, wounding him. Appellant informed the officer that the firearm–a Smith & Wesson M&P 9 mm handgun–was at his girlfriend's residence. Some of appellant's belongings that the officer recovered at the hospital included a small caliber handgun holster and a magazine that goes to a Smith & Wesson M&P handgun and that was loaded with ammunition for a 9 mm handgun.

{¶ 4} The detective testified that he obtained a search warrant for the girlfriend's residence. Inside the bathroom, the detective found a loaded Smith & Wesson M&P 9 mm handgun next to the sink, a bullet on the floor between the vanity and the commode, and a spent casing. He also observed a bullet hole in the linoleum floor close to the vanity. The detective testified that the items were consistent with the sequence of events appellant provided at the hospital.

{¶ 5} Appellant testified he was at his girlfriend's residence when she went outside to target practice with her new handgun. Appellant testified his girlfriend accidentally shot him when she came in the house and wrapped her arms around him, and her hand "hit [his] butt. The gun went off and hit [him] in the back of the leg." His

girlfriend placed the handgun on the vanity and took him to the hospital. Appellant asserted that he was in and out of consciousness at the hospital, that he did not remember talking to police, and that his statement that the gunshot wound was self-inflicted was likely to protect his girlfriend. On September 4, 2024, the jury found appellant guilty as charged. Appellant was subsequently sentenced to 24 months in prison.

**{¶ 6}** Appellant now appeals, raising one assignment of error:

**{¶ 7}** THE GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶ 8}** Appellant argues that his conviction for having weapons while under disability is against the manifest weight of the evidence because the state failed to prove he knowingly possessed the handgun that shot him in the leg.

**{¶ 9}** To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Peyton*, 2017-Ohio-243, ¶ 42 (12th Dist.). An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*

**{¶ 10}** Appellant was convicted of having weapons while under disability in violation of R.C. 2923.13(A)(3), which, as relevant here, provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if [t]he person . . . has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." Appellant does not

- 3 -

challenge that he has a prior felony conviction–a 2016 fifth-degree felony conviction for aggravated possession of methamphetamine–which disqualified him from possessing a firearm.

{¶ 11} Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." "To 'have' a firearm within the meaning of R.C. 2923.13(A), 'a person must have actual or constructive possession of the firearm.'" *State v. Thompson*, 2024-Ohio-2112, ¶ 44 (12th Dist.).

{¶ 12} After a thorough review of the record, we find that appellant's conviction for having weapons while under disability was not against the manifest weight of the evidence. As the responding officer testified, appellant told the officer that the gunshot wound was self-inflicted when the handgun fell out of the holster he was wearing and accidentally discharged. It is not disputed that appellant presented to the hospital with a small handgun holster and a loaded magazine for a Smith & Wesson M&P 9 mm handgun. By contrast, appellant claimed at trial that he suffered the gunshot wound when his girlfriend accidentally shot him. Appellant did not explain why he presented to the hospital with the holster and the loaded magazine.

{¶ 13} A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the testimony of the state's witnesses. *State v. Blair*, 2015-Ohio-818, ¶ 47 (12th Dist.). It was within the jury's province to determine that appellant's account of the incident as he related it to the responding officer at the hospital was more credible that appellant's trial account of the incident. "The jury is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." *State v. Fox*. 2009-Ohio-556, ¶ 18 (12th Dist.).

{¶ 14} The assignment of error is overruled.

{¶ 15} Judgment affirmed.

BYRNE, P.J., and SIEBERT, J., concur.